UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:22-CR-5-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | SUPERSEDING |
| v. | ) | INDICTMENT |
| | ) | |
| CHRISTOPHER CLARK ARTHUR | ) | |

The Grand Jury charges that:

## COUNT ONE

On or about May 5, 2021, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, did teach and demonstrate to a person known to the Grand Jury the making and use of an explosive, a destructive device, and a weapon of mass destruction, knowing that such person intended to use the teaching, demonstration, and information for and in the furtherance of an activity that constituted a Federal crime of violence, to wit, the murder and attempted murder of federal law enforcement in violation of 18 U.S.C. § 1114, all in violation of Title 18, United States Code Sections 842(p)(2)(B) and 844.

## COUNT TWO

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, a Palmetto State Armory, model PA-15 rifle having a barrel of less than 16 inches in length, not registered to him in the National Firearms Registration

1

and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845, 5861(d) and 5871.

## COUNT THREE

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, a GEMTECH, model HALO, firearm silencer, a device that silences, muffles, and diminishes the report of a portable firearm, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 18 United States Code, Sections 921(a)(3)(C) and (a)(24), and Title 26, United States Code, Sections 5841, 5845(a)(7), 5861(d) and 5871.

## COUNT FOUR

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, an improvised explosive device rigged and wired to detonate with the use of a 9-volt battery and switch, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(f), 5861(d) and 5871.

## COUNT FIVE

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, an improvised explosive device designed to detonate upon striking matchheads on a striker plate, not registered to him in the National Firearms

2

Case 7:22-cr-00005-D   Document 23   Filed 03/02/22   Page 2 of 6

Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(f), 5861(d) and 5871.

## COUNT SIX

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, an improvised explosive device designed to detonate upon striking matchheads on a striker plate, a separate firearm than that described in Count Five above, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(f), 5861(d) and 5871.

## COUNT SEVEN

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, an improvised explosive device designed to detonate upon striking matchheads on a striker plate, a separate firearm than those described in Counts Five and Six above, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(f), 5861(d) and 5871.

## COUNT EIGHT

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly received and possessed a firearm, to wit, an improvised explosive device consisting of a green military-grade

ammunition can and a 1-lb container of exploding target material, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections 5841, 5845(f), 5861(d) and 5871.

## COUNT NINE

On or about January 22, 2022, in the Eastern District of North Carolina, the defendant, CHRISTOPHER CLARK ARTHUR, knowingly possessed a firearm, to wit, a GEMTECH, model HALO, firearm silencer, that had been shipped and transported in interstate commerce, from which the manufacturer's [importer's] serial number had been removed, altered and obliterated, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B).

## FORFEITURE NOTICE

Notice is hereby given that all right, title and interest in the property described herein is subject to forfeiture.

Upon conviction of any violation of 18 U.S.C. §§ 842 or 844 charged herein, or conspiracy to commit such offense, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

Upon conviction of any violation of the Gun Control Act, the National Firearms Act, or any other offense charged herein that involved or was perpetrated in whole or in part by the use of firearms or ammunition, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and/or 26 U.S.C. § 5872, as made applicable by 28 U.S.C. § 2461(c), any and all firearms and ammunition that were involved in or used in a knowing or willful commission of the offense, or, pursuant to 18 U.S.C. § 3665, that were found in the possession or under the immediate control of the defendant at the time of arrest.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

_____
FOREPERSON

<u>3-1-2022</u>
DATE

REDACTED VERSION
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

MICHAEL F. EASLEY, JR.
United States Attorney

*Barbara D. Kocher*
BY: BARBARA D. KOCHER
Assistant United States Attorney